**COMMONWEALTH of Kentucky, Appellant,**

v.

**Rockford K. McGINNIS, Appellee.**

Court of Appeals of Kentucky.

March 26, 1982.

Supreme Court Opinion and Order Vacating Order Granting Discretionary Review and Remanding to Court of Appeals for Final Disposition Nov. 2, 1982.

**46**

Steven L. Beshear, Atty. Gen., Benjamin P. Hicks, Asst. Commonwealth's Atty., Lexington, for appellant.

Frank Reaves, Jr., Reaves, Guthrie & Isaacs, Lexington, for appellee.

Before WHITE, LESTER and WILHOIT, JJ.

WHITE, Judge.

This is an appeal from the Fayette Circuit Court's order and judgment dismissing an indictment against the appellee for the offense of trafficking in hashish (controlled substance Schedule I) because there is no rational difference between hashish and marijuana. We affirm.

The appellant here contends that hashish as a listed Schedule I controlled substance is different from marijuana and not entitled to be treated as marijuana, as excepted from the penalties under KRS 218A.990(2).

Although there is some confusion as to interpretation and application of the sections of Chapter 218A, it seems clear to us that the lower court has reached the proper and logical determination of this issue.

KRS 218A.010 defines certain terms and names of drugs within the act. Under subsection (9) it says: " 'Marijuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; *the resin extracted from any part of the plant; . . . .* " (Emphasis added.)

In KRS 218A.050(3), among the many others, there is a separate listing of "Marihuana," "Tetrahydrocannabinols," and "Hashish" as being Schedule I controlled substances. Appellant contends that because there is a separate listing of the terms or names of the drug in this subsection it was the clear intent of the Legislature to provide a different penalty in 218A.990(2) if one was accused of trafficking in hashish rather than if accused of trafficking in marijuana under 218A.990(4) as a first offense.

The testimony of the only witness in this case clearly shows that hashish and tetrahydrocannabinols (sometimes referred to as THC) are one and the same. It is further asserted by the witness that hashish and THC are the processed or extracted resinous substance of the plant Cannabis sativa L. in a more concentrated powdery form. The only difference, if any, is in the potency of the drug because of its concentrated form in the process of extracting the resinous content. We do not believe that the Legislature intended hashish to be treated differently from marijuana simply because it is referred to by a different name. To paraphrase Shakespeare, a rose by any other name not only smells as sweet but is still a rose. So "hashish," "THC," "pot," "grass," "Mary Jane," "joints," and "reefers" are but common colloquialisms of the same basic substance. The trial court held that it is impossible to say there is a rational difference to which differing penalties should or could apply under the facts as here presented. We hold that it does not matter whether there is a difference or not because in reality the definition of marijuana is so broad as to include it anyway.

Let it be clearly understood that we are not holding that the Legislature could not enact such differing distinctions or penalties for this offense. We are simply holding that, as of now, such difference has not been so finely drawn except as to the charge for second offense.

For the foregoing reasons, we hold that the Fayette Circuit Court was correct in its conclusion and therefore affirm.

All concur.